UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-222 (NEB/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LIBAN YASIN ALISHIRE,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant LIBAN YASIN ALISHIRE (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and Count Nineteen of the Indictment, which charges the defendant with money laundering, in violation of 18 U.S.C. § 1957. The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the Government agrees to move to dismiss the remaining counts of the Indictment against the defendant.

2.   **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One and Nineteen of the Indictment. In pleading guilty, the defendant

1



SCANNED
JAN 25 2023
U.S. DISTRICT COURT MPLS

admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From in or about September 2020 through in or about 2022, the defendant knowingly and willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in Federal Child Nutrition Program funds that were intended as reimbursements for the cost of serving meals to underprivileged children.

The defendant carried out the fraud scheme by using non-profit organizations that he had previously created and operated. The defendant enrolled Community Enhancement Services and Lake Street Kitchen in the Federal Child Nutrition Program as purported sites providing meals to underprivileged children under the sponsorship of Feeding Our Future. The defendant admits that, in furtherance of the fraud scheme, he conspired with other people, to include, but not limited to, associates of Feeding Our Future, Community Enhancement Services, and Lake Street Kitchen.

After enrolling in the Federal Child Nutrition Program, the defendant began submitting fraudulent claims for reimbursement for serving meals to hundreds or thousands of children a day. In support of these fraudulent claims, the defendant caused the preparation and submitting of falsified invoices purporting to document the purchase of food, and the preparation and submitting of falsified attendance rosters purporting to document the names of children who received meals. The defendant admits that he sent numerous emails to Feeding Our Future employees

that contained falsified information, and that these emails constituted an interstate wiring for the purpose of executing the fraud scheme.

The defendant also created a distribution company, Ace Distribution Services, that purported to provide meals to be served to children at the Community Enhancement Services site.

In total, Community Enhancement Services claimed to have served over 800,000 meals between February and October 2021, and Lake Street Kitchen claimed to have served over 70,000 meals between December 2020 through April 2021. In reality, Community Enhancement Services and Lake Street Kitchen served a fraction of the meal amounts claimed.

Based on the fraudulent claims, Community Enhancement Services and Lake Street Kitchen received more than a million dollars in Federal Child Nutrition Program funds from their sponsor entity, Feeding Our Future. The defendant caused the transfer of much of this money to himself and others via shell companies used to receive and launder the proceeds of the fraud scheme.

Hoodo Properties was one such shell company the defendant controlled and used to launder proceeds from the fraud scheme. On or about November 22, 2021, the defendant conducted a wire transfer of $216,300 from Hoodo Properties to Jaafar Jelle & Co. towards the purchase of a property at the Karibu Palms Resort in Diani Beach, Kenya. The defendant admits that this constituted a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, and that the monetary transaction involved criminally derived property of a value

greater than $10,000, having been derived from specified unlawful activities, namely, wire fraud, in violation of 18 U.S.C. § 1343.

In total, defendant fraudulently claimed approximately $2,427,576.17 in Federal Child Nutrition Program funds, of which Feeding Our Future paid out $1,783,786.45 to the defendant and his co-conspirators. In all, defendant obtained $712,084.00 in fraud proceeds for himself and entities he controlled.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and

4

voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371) is a felony offense that carries the following statutory penalties:

    a. a maximum of 5 years in prison;

    b. a supervised release term of not more than 3 years;

    c. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

    d. restitution as agreed to by the parties in this agreement; and

    e. a mandatory special assessment of $100.

The defendant understands that Count Nineteen of the Indictment (money laundering, in violation of 18 U.S.C. § 1957) is a felony offense that carries the following statutory penalties:

    f. a maximum of 10 years in prison;

    g. a supervised release term of not more than 3 years;

    h. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

    i.    restitution as agreed to by the parties in this agreement; and

    j.    a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is 6. U.S.S.G. § 2B1.1(a)(2).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that a 16-level enhancement applies pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss exceed $1.5 million but was less than $3,500,000. The parties agree that a 2-level enhancement applies pursuant to U.S.S.G. § 2B1.1(b)(9) because the offense involved a misrepresentation that the defendant was acting on behalf of a charitable organization. The parties agree that a 1-level enhancement applies pursuant to 2S1.1(b)(2)(A) because the defendant was convicted under 18 U.S.C. § 1957. The parties agree that no other specific offense adjustments apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the

government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

   e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

   f. Guidelines Range. If the adjusted offense level is 22, and the criminal history category is I, the Sentencing Guidelines range is 41 to 51 months of imprisonment.

   g. Fine Range. If the adjusted offense level is 22, the Sentencing Guidelines fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

8. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original

supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court

is required to order the defendant to make restitution to the victims of his crimes. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Indictment. Defendant agrees that he owes restitution in the amount of $712,084.00.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to Count One of the Indictment. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C.

§ 982(a)(1), all property, real or personal, involved in a transaction and attempted transaction in violation of 18 U.S.C. § 1957 and any property traceable to such property.

Defendant agrees that the specific property subject to forfeiture includes but is not limited to: (1) a Sea Ray 185 Sport boat, Hull Identification Number: SERV1007E910, with attached motor; (2) a 2010 ShoreLand'r Bunk trailer, VIN: 1MDAJWR17AA440313; and (3) a 2018 Ford F150 pickup truck, VIN: 1FTEW1EG8FC31226.

Defendant agrees that the following real property is also specific property subject to forfeiture: (1) Apartment No. B104, Block B on the First Floor, Golden Century Apartments on L.R. No. 3734/1478 (Original NO. 3734/345), in the City of Nairobi, Kenya; and (2) Karibu Palms Resort, LR Kwale/Diani Beach Block/369 in Kwale County, Kenya (together, the "Kenyan Real Property"). Defendant agrees that, if requested by the United States, he will sell, or arrange to have sold, the Kenyan Real Property and will have the net proceeds of the sale of those properties, after necessary costs and expenses, remitted to the United States to be forfeited in lieu of the Kenyan Real Property.

Defendant consents to the entry of a money judgment forfeiture in the amount of $712,084.00, which represents the amount of proceeds he obtained from the wire fraud scheme alleged in Count One of the Indictment. Defendant will be given credit against the forfeiture judgment for the net value of all assets forfeited from him in connection with this case.

15. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of a term of imprisonment above 51 months, and an appeal by the government of a term of imprisonment below 41 months.

The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The parties acknowledge and agree, however, that, in the event that a retroactively applicable change in the law is enacted by the Supreme Court, Congress, and/or adopted by the United States Sentencing Commission, nothing in this plea agreement will preclude the defendant from pursuing any applicable remedy under 28 U.S.C. § 2255 to modify his sentence.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

17. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The

11

defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 1/17/23

BY: JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
CHELSEA A. WALCKER
JOSEPH S. TEIRAB
Assistant United States Attorney

Date: 1/13/23

LIBAN YASIN ALISHIRE
Defendant

Date: 1/13/23

MATTHEW FORSGREN
Counsel for Defendant